United States District Court
Southern District of Texas

**ENTERED**

January 19, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| MARCO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-440 |
| | § | |
| MANUEL CASTRO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

BE IT REMEMBERED that on January 19, 2017 the Court **GRANTED** Defendant's Opposed Motion to File Answer to Plaintiff's Second Amended Complaint Out of Time, Dkt. No. 28; **DENIED** Plaintiff's Motion to Compel Defendants to Respond to Discovery, Dkt. No. 33; **GRANTED** the parties' Joint Motion to Modify Scheduling Order, Dkt. No. 39; and **GRANTED** Defendants' Unopposed Motion to Withdraw Motion to Compel, Dkt. No. 40.

The Court additionally finds that Officer Defendants are entitled to qualified immunity as to claims arising under 42 U.S.C. § 1983, and **ORDERS** the parties to desist from any further discovery related to the issue of qualified immunity.

**I.      Background**

This case arises from an incident that occurred at the office of the Texas Department of Public Safety, Driver's License Division, on December 6, 2013. Second Am. Compl., Dkt. No. 8 ¶ 16. Plaintiff Marco Garcia ("Garcia") alleges that he was standing in line when he was approached by Defendants Manual Castro, Orlando J. Garcia, John M. Kopacz, Richard Russell, Henry J. Schultz, IV, Eric Walters, Clayton Cohea, Jeffrey Smithwick, Francisco Hosking, and Charley Howell (collectively referred to as "Officer Defendants"). *Id.* Officer Defendants asked Garcia if he was a man named "Jose Sifuentes," and Garcia told them that he was not. *Id.* Garcia claims that Officer Defendants, without warning, then "grabbed

[him], shoved him to the ground, stood on top of him, handcuffed him, and forcibly removed him out of the room." *Id.* As a result of this alleged assault, Garcia states that he suffered serious bodily injuries to various areas, including his wrists, shoulders, head, neck, and back. *Id.* Garcia alleges that the man sought by Officer Defendants was standing the adjacent line. *Id.* When Officer Defendants realized their error, Garcia claims that the suspect was arrested with little force. *Id.*

Garcia's complaint asserts a cause of action under the Texas Tort Claims Act ("TCA" or the "Act") against Defendant Texas Department of Public Safety (the "Department"), a Texas entity. Dkt. No. 8 ¶¶ 2, 18–25. Garcia alleges that the Department negligently issued law enforcement equipment to Officer Defendants, who were not properly trained to identify the correct suspect named in the arrest warrant. Dkt. No. 8 ¶ 19. Garcia further claims that the Department's acts and/or omissions constitute gross negligence as defined under Texas Civil Practice and Remedies Code § 41.001(11). Dkt. No. 8 ¶ 22. Garcia invokes the doctrine of respondeat superior to support this claim, alleging that Officer Defendants were acting within the course and scope of their employment with the Department. Dkt. No. 8 ¶¶ 23–25. Additionally, under 42 U.S.C. § 1983, Garcia pleads a violation of his Fourth Amendment rights against Officer Defendants. Dkt. No. 8 ¶¶ 26–29.

On October 16, 2015, Officer Defendants and the Department (collectively referred to as "Defendants") filed their first motion to dismiss. Dkt. No. 3. On November 2, 2016, Garcia filed his Second Amended Complaint, Dkt. No. 8, and a response to the motion to dismiss, Dkt. No. 10. Defendants filed a second motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). Dkt. No. 13. Garcia filed a supplemental response to Defendants' motion to dismiss, which the Court read as a response to Defendants' second motion to dismiss. Dkt. No. 14. After the Court entered a scheduling order, Defendants filed an Opposed Motion for Protective Order with Brief in Support. Dkt. No. 20. Garcia responded in opposition to Defendants' motion for a protective order. Dkt. No. 21. On June 30, 2016, the Court issued an order denying as moot Defendants' first motion to dismiss, Dkt. No.

3, denying Defendants' second motion to dismiss, Dkt. No. 13, and granting in part and denying in part Defendants' motion for protective order, Dkt. No. 20.

With respect to the motion for protective order, the Court ordered the parties to proceed with discovery relating to Garcia's claim under the TCA against the Department, having found that the Department waived its sovereign immunity by removing this case to federal court at least with respect to "the Department's negligent issuance of tangible property to Officer Defendants," property allegedly used against Garcia on December 6, 2013. Dkt. No. 22 at 8. The Court further ordered the parties to proceed with discovery relating to Garcia's § 1983 claims against the Officer Defendants limited to the issue of qualified immunity, which the Court further ordered Garcia to address in a separate brief. *Id.* at 11. Specifically, in issuing its order granting in part Defendants' motion for protective order, the Court declined to rule "on whether Officer Defendants are entitled to qualified immunity or whether Officer Defendants have properly pled the affirmative defense of qualified immunity" without offering Garcia an opportunity to brief these issues. *Id.* Garcia filed his brief responding to the Court's order on July 19, 2016. Dkt. No. 26.

On July 13, 2016, the Court struck Defendants' Answer to Plaintiffs' Second Amended Complaint and Jury Demand, after the Court found it was filed out of time and without an accompanying motion seeking leave to file. *See* Dkt. No. 24. On July 29, 2016 Defendants filed an answer to Garcia's second amended complaint, Dkt. No. 27, simultaneous to filing an opposed motion to file this second amended complaint out of time, Dkt. No. 28. On October 28, 2016 Garcia filed a Motion to Compel Defendants to Respond to Discovery. Dkt. No. 33. Defendants responded on November 11, 2016. Dkt. No. 35. On December 5, 2016, Defendants filed a motion to compel Garcia to respond to discovery. Dkt. No. 36. Both parties filed a joint motion to modify the scheduling order in this case on December 20, 2016. Dkt. No. 39. Finally, Defendants filed an unopposed motion to withdraw their motion to compel on January 4, 2017. Dkt. No. 40.

Before the Court now is the issue of whether Officer Defendants are entitled to the affirmative defense of qualified immunity; Defendant's Opposed Motion to

File Answer to Plaintiff's Second Amended Complaint Out of Time, Dkt. No. 28; Plaintiff's Motion to Compel Defendants to Respond to Discovery, Dkt. No. 33; Defendants' Opposed Motion to Compel Plaintiff to Respond to Discovery with Brief in Support, Dkt. No. 36; the parties' Joint Motion to Modify Scheduling Order, Dkt. No. 39; and Defendants' Unopposed Motion to Withdraw Motion to Compel, Dkt. No. 40.

## II.     Officer Defendants' Qualified Immunity Defense

Officer Defendants have pled qualified immunity as an affirmative defense to Garcia's § 1983 claim against them alleging violations of his Fourth Amendment rights. *See* Dkt. No. 2 at 1; Dkt. No. 20 at 1-3; Dkt. No. 23 at 1. Pursuant to this Court's order and *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc), Garcia has briefed a response addressing Officer Defendants' qualified immunity defense. He argues that "the facts of this case demonstrate the Defendants were either incompetent in the performance of their duties or knowingly violated the law," and therefore cannot avail themselves of a qualified immunity defense. Dkt. No. 26 at 5.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "This immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). A government official performing a discretionary function is "entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). A court "may address these two elements

in either order, and need not proceed to the second where the first is resolved in the negative." *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir. 2014).

As to the first prong of this inquiry, Garcia alleges that Officer Defendants violated his Fourth Amendment right against unreasonable search and seizure through their use of excessive force against him.[1] Dkt. No. 26 at 7. For Officer Defendants' conduct to have violated the Fourth Amendment, Garcia must show: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). An injury is cognizable under the Fourth Amendment when "it results from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances." *Id.* The "objective reasonableness" of force used, "in turn, depends on the facts and circumstances of the particular case." *Id.* In particular, in assessing the circumstances of a case and whether they render a use of force permissible, a court should account for "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Deville v. Marcantel*, 567 F.3d 156, 162 (5th Cir. 2009) (citing to *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Here, Garcia "concedes the severity of the crime at issue (murder) is significant," but argues that Officer Defendants' conduct was still objectively unreasonable given that Garcia "was not an immediate threat. . . did not actively

---

[1] In his Second Amended Complaint, Garcia seems to additionally suggest that he was subject to a false arrest, where he alleges that Officer Defendants arrested and detained him without a valid warrant. *See* Dkt. No. 8 at 8. Garcia also summarily claims that he was falsely arrested in his brief on qualified immunity. Dkt. No. 26 at 2. The Court declines to address any false arrest argument in detail here, however, as Garcia substantively discusses only excessive force in his brief on qualified immunity. *See* Dkt. No. 26. In any case, the "Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person." *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994) (citing *Hill v. California*, 401 U.S. 797 (1971)). The Fifth Circuit has additionally recognized that even where an arrestee produces evidence to show that he is not the true subject of a valid arrest warrant, it is not necessarily objectively unreasonable for officers to believe they have arrested the correct subject *See, e.g., Blackwell v. Barton*, 34 F.3d 298, 303-04 and n.4 (5th Cir. 1994).

resist arrest, was not armed and did not make any attempt at flight." Dkt. No. 26 at

8. Again, with respect to Officer Defendants' alleged conduct, Garcia states:

> [W]hile [Garcia] was lawfully on the premises of the Texas Department of
> Public Safety, Drivers' License Division, he was approached and cornered by
> six large undercover officers who inquired if he was 'Jose Sifuentes'. Upon
> correctly denying the question twice in succession, and without warning, at
> least six officers forcefully grabbed, struck, tackled and forced Mr. Garcia to
> the ground where the officers continued to strike him and stand upon him as
> they handcuffed Mr. Garcia – overtightening the handcuffs and by use of
> excessive force – before forcefully yanking him to his feet and taking him
> from the room.

Dkt. No. 26 at 5-6.

The seriousness of an injury can help illuminate "whether [a] use of force could plausibly have been thought necessary." *Deville v. Marcentel*, 567 F.3d 156, 168 (2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing to *Johnson v. Glick*, 481 F.2d 1028, 1033 (1973). For instance, "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007); *see also Graham*, 490 U.S. at 396 ("The right to use some degree of force to effectuate an arrest or investigatory stop is clearly established."). This is not to suggest that certain, minor injuries are never cognizable under the Fourth Amendment, but rather to emphasize that "the amount of injury necessary to . . . establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." *Ikerd v. Blair*, 101 F.3d 430 (5th Cir. 1996).

Here, Garcia has alleged "pain and injuries to his head, face, neck, right and left shoulders" stemming from his arrest by Officer Defendants, as well as "occasional anxiety regarding interaction with police officers." Dkt. No. 26 at 7. Garcia additionally claims at various points in his qualified immunity brief that Officer Defendants 'struck', 'pummeled', 'abused', and 'beat' him in the course of his arrest, which he characterizes as a 'melee'. *See* Dkt. No. 26. Yet such conduct is not

immediately evident in the surveillance photographs provided by Garcia, *see id.*, Ex. A, and Garcia does not describe Officer Defendants' conduct with particularity, as *Schultea* requires. *See id.,* 47 F.3d at 1434 ("The district court need not allow any discovery [on an excessive force claim] unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts.") For instance, Garcia does not elucidate where he was allegedly struck by Officer Defendants, nor provide any detail or evidence to substantiate his claim that an officer stood on him in the course of his arrest. It is clear that a large number of individual plainclothes officers were involved in Garcia's arrest, many of whom acted in unison in effecting this arrest. *See generally* Dkt. No. 26. These factors complicate Garcia's ability to plead with specificity how the conduct of individual defendant officers relates to his constitutional claims. Yet it remains Garcia's burden to allege facts showing that Officer Defendants, either individually or acting in concert, employed constitutionally impermissible force in arresting him. *See, e.g., Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003) ("A plaintiff [claiming excessive force under the Fourth Amendment] must prove injury suffered as a result of force that was objectively unreasonable.")

According to surveillance photographs provided by Garcia and incorporated by reference in his qualified immunity brief, the entire incident between Garcia and Officer Defendants lasted no more than one minute—from the time Officer Defendants first approached Garcia, to the time he was in handcuffs and searched, presumably for weapons. *See* Dkt. No. 26, Ex. A. Garcia claims that he neither resisted this arrest nor attempted to flee from Officer Defendants, rendering their use of force unreasonable. *See, e.g.* Dkt. No. 26 at 7. On the other side of the ledger, however, an officer might reasonably believe it is necessary to use the force that Garcia alleges Officer Defendants used in order to arrest a murder suspect in a crowded, public space. *Id.* Garcia does not allege that Officer Defendants utilized any weapons, threats, or unsanctioned maneuvers in arresting him, and his claim that an officer stood on him while he was arrested is not evidenced by the

surveillance photographs Garcia has provided. Additionally, Garcia makes no claim that Officer Defendants applied any excessive force to him after he was placed in handcuffs. Instead, Garcia's claims describe the moments where he was restrained, "tackled to the ground," and handcuffed. Dkt. No. 26 at 7. On these facts, the Court finds that Garcia has failed to meet his burden under to *Schultea* to show that he suffered a cognizable injury as a result of Officer Defendants' objectively unreasonable conduct.

As Officer Defendants have not requested dismissal of Garcia's § 1983 claims against them, *see* Dkt. No. 22 at 10-11, the Court will not grant this relief *sua sponte* here. The Court does, however, find, as a matter of law, that Officer Defendants are entitled to qualified immunity with respect to Garcia's § 1983 claims, and for this reason **ORDERS** the parties to desist from any further discovery as to the issue of qualified immunity.

### III.   Pending Motions

1.   Defendants' Opposed Motion to File Answer to Plaintiff's Second Amended Complaint

On July 13, 2016, the Court struck Defendants' Answer to Plaintiffs' Second Amended Complaint and Jury Demand, after the Court found it was filed out of time and without an accompanying motion seeking leave to file. *See* Dkt. No. 24. Defendants subsequently filed a motion for leave, Dkt. No. 39, and the Court finds it supported by good cause. The Court therefore **GRANTS** Defendant's Opposed Motion to File Answer to Plaintiff's Second Amended Complaint out of Time, Dkt. No. 28.

2.   Plaintiff's Motion to Compel

On October 28, 2016 Garcia filed a Motion to Compel Defendants to Respond to Discovery. Dkt. No. 33. Garcia asks the Court to compel Defendants to respond to certain requests made in his First Request for Production on Defendants, which was made on January 29, 2016 and to which Defendants responded on February 24,

2016, and his Second Request for Production on Defendants, which was made on September 1, 2016, and to which Defendants responded on September 30, 2016. *Id.* at 2.

Specifically, Garcia seeks from Defendants the following items:

(i) "[a]ll documents, records, reports, notations, or memoranda regarding reports, grades, notes and/or evaluations of field training exercises" in which the eight Officer Defendants "participated at any time from January 1, 2008 to the present" (Plaintiff's Second Set of Requests for Production Nos. 3-10), Dkt. No. 33 at 3-7, (ii) "A full and complete copy of the Texas Department of Public Safety General Manual (Garcia's First Set of Requests for Production No. 19), *id.* at 7, (iii) the "full name and contact information for the Jose Sifuentes taken into custody at the Texas Department of Public Safety. . ." (Garcia's Second Requests for Production No. 23), *id.* at 8, (iv) a "copy of the printout of the 'warrant hit paperwork' purportedly shown to [Garcia]" during his arrest (Garcia's Second Requests for Production No. 24), *id.*, (v) "a copy of the arrest warrant or arrest warrant(s) for the arrest of the suspect who was detained and arrested at the office of the Texas Department of Public Safety" the date of Garcia's arrest (Garcia's First Set of Requests for Production No. 1), *id.* at 9, (vi) certain personnel files pertaining to the Officer Defendants who arrested Garcia, including records or prior "reports of use of unlawful force, excessive force, wrongful detention or wrongful arrest" (Garcia's First Set of Requests for Production No. 14), *id.*, (vii) certain personnel files pertaining to the Officer Defendants who arrested Garcia, "including documents referencing background investigation(s)" (Garcia's First Set of Requests for Production No. 17), *id.* at 10, (viii) "any and all written reports regarding the incident which forms [sic] the basis of this suit" (Garcia's First Set of Requests for Production No. 17), *id.*, (ix) written job descriptions for the Officer Defendants (Garcia's First Set of Requests for Production No. 19), *id.* at 11, (x) "any and all policies and procedure for proper methods of detaining and/or retaining subjects" (Garcia's First Set of Requests for Production No. 28), *id.*, and (xi) "any and all training materials related to proper methods or techniques for detaining or

restraining subjects" (Garcia's First Set of Requests for Production No. 29), *id.* at 12.

Having reviewed Garcia's Motion to Compel production of these documents, Dkt. No. 33, and Defendants' Response in Opposition to this motion, Dkt. No. 35, the Court finds that the following discovery requests have been mooted by Defendants' subsequent, sufficient production:

- Plaintiff's Second Set of Requests for Production Nos. 3-10, (i) above;
- Garcia's First Set of Requests for Production No. 19, (ii) above;
- Garcia's Second Requests for Production No. 23, (iii) above;
- Garcia's Second Requests for Production No. 24, (iv) above;
- Garcia's First Set of Requests for Production No. 14, (vi) above;
- Garcia's First Set of Requests for Production No. 15 (vii) above;
- Garcia's First Set of Requests for Production No. 17 (viii) above;
- Garcia's First Set of Requests for Production No. 28 (x) above; and
- Garcia's First Set of Requests for Production No. 29 (xi) above.

Additionally, as Defendants attest that they are not in possession of the document sought by Garcia's First Set of Requests for Production No. 1, (v) above, Defendants' motion to compel them to produce this document is denied. Finally, the Court concludes that Garcia's First Set of Requests for Production No. 19, (ix) above, seeks information that is not relevant to Garcia's negligence claim against the Department under the TCA. Garcia alleges that the Department "negligently issued law enforcement equipment to its officers, who were not properly trained on how to identify the correct suspect listed in an arrest warrant." Dkt. No. 8 ¶ 9. The 'written job descriptions' for Officer Defendants Garcia seeks relate to his TCA claim, while the extent they relate to Garcia's § 1983 claims against Officer Defendants is irrelevant, as the Court has found, *supra*, that Officer Defendants are entitled to qualified immunity as to these claims.

For the foregoing reasons, the Court **DENIES** Garcia's Motion to Compel, Dkt. No. 33.

3.    Defendants' Unopposed Motion to Withdraw

Defendants initially filed a motion to compel certain discovery, Dkt. No. 36, which they now seek to withdraw, in an unopposed motion, Dkt. No. 36. Finding good cause, the Court hereby **GRANTS** Defendants' Unopposed Motion to Withdraw Motion to Compel, Dkt. No. 40, which withdraws Defendants' Opposed Motion to Compel Plaintiff to Respond to Discovery with Brief in Support, Dkt. No. 36.

4.    Joint Motion to Modify Scheduling Order

Federal Rule of Civil Procedure 16 permits the court to modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order." Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979).

In their joint motion to modify the scheduling order in this case, the parties ask the Court to move pending deadlines by 90 days. Dkt. No. 39 at 2. They represent to the Court their particular interest in extending the deadline to complete discovery, in order to allow time for Garcia's planned depositions of the individual defendants named in this action, as well as for Defendants' deposition of Garcia's designated expert. *Id.* The parties attest that the scheduling of these depositions was delayed pending the Court's disposition of Garcia's instant motion to compel. *Id.* Garcia filed this motion on October 28, 2016, approximately two months before the discovery deadline lapsed on December 30, 2016. The Court finds, pursuant to Federal Rule of Civil Procedure 16(b), that there is good cause for continuing the remaining deadlines in this case, and therefore grants the parties'

Joint Motion to Modify Scheduling Order, Dkt. No. 39. Yet the Court limits the continuance granted to just over 45, not 90, days, to approximate the time lapsed while Garcia's motion was pending. The parties are free to submit a future motion showing good cause, if any, why the Court should further reset deadlines.

### III.   Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Defendant's Opposed Motion to File Answer to Plaintiff's Second Amended Complaint Out of Time, Dkt. No. 28;

- **DENIES** Plaintiff's Motion to Compel Defendants to Respond to Discovery, Dkt. No. 33;

- **GRANTS** Defendants' Unopposed Motion to Withdraw Motion to Compel, Dkt. No. 40;

- **GRANTS** the parties' Joint Motion to Modify Scheduling Order, Dkt. No. 39; and

- **RESETS** the following deadlines:

  o   Discovery must be completed by March 6, 2017;

  o   Dispositive motions must be filed by April 7, 2017;

  o   Joint pretrial order is due June 8, 2017;

  o   Final Pretrial Conference is set for 2:00 p.m. in the Corpus Christi Division on June 22, 2017;

  o   Jury selection will be determined at the Final Pretrial Conference.

SIGNED this 19th day of January, 2017.

_____

Hilda Tagle
Senior United States District Judge